UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                  Case No.: 14-74539-ast

Rosana Meza,                                         Chapter 7
*aka* Rosana Jacqueline Meza,
*aka* Rosana J. Meza

                              Debtor.
-----------------------------------------------------------X

## **DECISION AND ORDER DENYING MOTION TO AVOID JUDICIAL LIENS**

The debtor, Rosana Meza ("Debtor"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 6, 2014.

On January 12, 2015, Debtor, filed and served a motion pursuant to 11 U.S.C. § 522(f)(1)(A) (the "Motion"), seeking to avoid certain judicial liens against her real property located at 59 E. Elm Street, Central Islip, New York 11722 (the Property"). [dkt item 15]

The Motion provides that, as of the petition date, the Property was worth approximately $248,927 and was encumbered by a first mortgage with an outstanding balance of approximately $213,088. The Motion further provides that Debtor has actually claimed a New York State homestead exemption in the amount of $150,000 in her schedule C. Thus, Debtor argues that the judicial liens impair her homestead exemption.

As evidence of the fair market value of the Property, Debtor has annexed to the Motion an internet print out of an undated real estate listing by Multiple Listing Service of Long Island, Inc. ("MLS"). The MLS listing values the Property at $248,927.00 and states, "Data Update Date: 4/23/2009".

This Court has previously held that, in order for a debtor to avoid a judicial lien under § 522(f), the debtor must (1) actually claim a homestead exemption in the property in an amount

certain, (2) correctly state the amount actually claimed on Schedule C in the motion, and (3) claim a homestead exemption sufficient to exempt all equity in the property net of non-avoidable liens. *See In re Schneider,* 2013 WL 5979756, at *11-13 (Bankr. E.D.N.Y. Nov. 8, 2013); *In re Coppola*, 2013 WL 3794098, at *2 (Bankr. E.D.N.Y. July 18, 2013); *In re Moltisanti*, 2012 WL 5246509, at *3-5 (Bankr. E.D.N.Y. Oct. 24, 2012). The operative date for the fair market value of the property at issue is the petition date. 11 U.S.C. § 522(a)(2); *see In re Wilding*, 475 F.3d 428, 432-433 (1st Cir. 2007); *Moltisanti*, 2012 WL 5246509, at *3. This Court's Local Bankruptcy Rule, L.B.R. 9013-1(g), provides that a § 522(f) motion must "be supported by evidence of the fair market value of the property as of the date of the filing of the bankruptcy petition".

This Court cannot grant a debtor affirmative relief, even in the absence of opposition, unless the debtor has established a *prima facie* basis for the relief sought in the Motion. *See Schneider*, 2013 WL 5979756, at *3.

Here, Debtor has not established her entitlement to relief under § 522(f). The only evidence of fair market value proffered by Debtor is the MLS listing. However, that listing is not evidence of the fair market value of the Property as of the petition date. The listing is undated and the value ascribed in it appears to be from 2009, five (5) years before the petition date. Moreover, even if the listing was contemporaneous with the filing date, it alone would not be a sufficiently reliable indicator of fair market value, because an MLS listing "is a marketing tool rather than an objective analysis [of value.]" *In re Moore*, 2013 Bankr. LEXIS 2611, at *3 (Bankr. N.D. Cal. June 24, 2013). Said otherwise, while an MLS listing may reflect what a property owner may wish to sell his or her house for, it does not necessarily reflect what a

willing buyer would be willing to pay.[1]  Therefore, the Court finds that Debtor has failed to establish a *prima facie* basis for the relief sought in her Motion.

Accordingly, it is hereby

**ORDERED**, that Debtor's Motion is DENIED without prejudice; and it is further

**ORDERED**, that within **thirty (30) days** of the date of entry of this Order, Debtor may file and serve an amended § 522(f) Motion that is supported by evidence showing the fair market value of the Property as of her petition date, as required by § 522(f) and E.D.N.Y. Local Bankruptcy Rule 9013-1(g).

---

[1] In the course of this Court's rulings in contested residential valuation matters, it has routinely rejected listings alone as evidence of fair market value.



**Dated: February 19, 2015**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**